## Volkhardt Estate

*Walter T. Darmopray*, for petitioner.
*Jay D. Barsky*, for exceptant.

PAWELEC, *A. J.*, November 2, 1977—This matter is before the court on exceptions to the decree of the hearing judge appointing an impartial medical expert to examine the alleged incompetent and to prepare a written report setting forth his findings, diagnosis and prognosis.

Counsel for petitioner has raised the question whether the matter is interlocutory in nature, and, thus, not properly before the court. We prefer to decide the issue on its merits.

The record reveals that a petition for citation was filed to declare Hazel C. Volkhardt an incompetent. Ms. Volkhardt engaged counsel who has actively contested the matter. Hearings before the Hon. Kendall H. Shoyer were held on three separate occasions. Considerable testimony was taken as to the conduct of respondent, tending to confirm or

tending to refute the allegation that she was, in fact, legally incompetent. Respondent also offered the expert testimony of a psychiatrist who testified at two of the hearings.

After the third hearing, a petition was filed requesting Judge Shoyer to appoint an impartial medical expert. Counsel for respondent filed an answer opposing the petition.

Judge Shoyer, being of the opinion that an examination of the alleged incompetent by an impartial medical expert would be of material assistance in the just determination of the case, appointed A. S. Tornay, M.D., a Diplomate of the American Board of Psychiatry and Neurology to "forthwith examine the alleged incompetent and prepare a written report setting forth his findings, diagnosis and prognosis, and his opinion as to the following: (a) whether the alleged incompetent 'because of infirmities of old age, mental illness, mental deficiency or retardation, drug addiction or inebriety, is unable to manage her property, or is liable to dissipate it or become the victim of designing persons' or 'lacks sufficient capacity to make or communicate responsible decisions concerning her person'." Judge Shoyer further ordered Dr. Tornay to transmit his report to the appointing judge and copies thereof to all counsel of record "prior to the next hearing."

The graveman of exceptant's position is that the proper procedure for the appointment of an impartial medical expert is set forth in §5511(c) of the Probate, Estates and Fiduciaries Code of June 30, 1972, P.L. 508, as amended, 20 Pa.C.S.A. §5511(c), and that the court had no authority under the statute to make such an appointment considering the current posture of the case. Section 5511(c) reads as follows: "Court-appointed physician. — Upon the

filing of a petition the alleged incompetent may be examined by a physician appointed by the court who shall submit his report in writing to the court and to the parties before the hearing."

Exceptant urges that the words "before the hearing" mean that once a hearing has begun the court has no power to appoint a physician and if an expert is to be appointed, the appointment must be made prior to any hearing and prior to any testimony.

It is clear that the Orphans' Court of Philadelphia County, by its local rules, takes the position contrary to that of exceptant. Rule *142.1(c)(1) provides:

"Impartial Medical Expert. The Hearing Judge upon petition of a party in interest, or sua sponte, may appoint an Impartial Medical Expert to make a psychiatric examination of the alleged incompetent. He shall file a report of his findings on a form to be prescribed by the court, and shall send a copy thereof to each counsel of record. The Hearing Judge shall determine the amount of the Impartial Medical Expert's fee and the persons responsible for the payment thereof."

Exceptant argues that the local rule is in conflict with the statute and must be declared void.

Although we agree that where one of our rules is in conflict with a statute that rule must bow, we do not, however, agree with the exceptant's interpretation of the statute.

Exceptant, in effect, places the words "first" or "any" before the word "hearing." We do not agree. Such a construction is both illogical and overly restrictive and would frustrate rather than further the ends of justice.

We must keep in mind that this is not a contest between two sets of litigants, but a proceeding to

determine competency. The purpose of an adjudication of incompetency and the appointment of a guardian of the estate is to protect and conserve the property of the incompetent. The purpose of section 5511(c) is to provide a vehicle by virtue of which the court may obtain an impartial expert opinion where it is necessary for the just determination of the matter.

Further, if adopted, exceptant's position would call for the hearing judge to make a decision as to the necessity of expert aid before hearing any evidence which might indicate the desirability of an impartial expert's evaluation.

It should also be noted that if exceptant's position is adopted, competent counsel would be required to file petitions prior to the introduction of any evidence in any case where there might be a possibility—no matter how slight—that there would be need of an impartial expert. Our experience has taught us that such a necessity is most rare.

Exceptant's position is clearly in conflict with the obvious purpose of the statute.

The exceptions are wholly without merit, and, accordingly, are herewith dismissed.

## DECREE

And now, November 2, 1977, the exceptions filed on behalf of Hazel C. Volkhardt to the decree of Shoyer, J. dated June 9, 1977, appointing an impartial medical expert, are dismissed.